IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY<br>as subrogee and successor in interest to<br>   JJM Endeavors, L.L.C.<br>6200 South Gilmore Road<br>Fairfield, Ohio 45014-5141<br><br>      Plaintiff,<br><br>vs.<br><br>CWMB PRODUCTS<br>aka CWMB Industries, L.L.C.<br>c/o Brian Dittrich, Statutory Agent<br>6632 North 60th Avenue<br>Glendale, Arizona 85301<br><br>      Defendant. | ))))))))))))))))))) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT** |

Now comes Plaintiff, by and through its undersigned counsel, and for its Complaint, states as follows:

**PARTIES**

1. On or about February 28, 2022, and at all times material herein, Plaintiff The Cincinnati Insurance Company (hereinafter "CIC") was the insurer of JJM Endeavors, L.L.C., (hereinafter "JJM"), who was the owner of real property located at 10180 Queens Way, Chagrin Falls, Ohio.

2. On or about February 28, 2022, and at all times material herein, Lattice Composites, L.L.C., (hereinafter "Lattice Composites") was a commercial tenant operating a business within JJM's real property at 10180 Queens Way, Chagrin Falls, Ohio.

3. Prior to February 28, 2022, and in or about March 2021, Defendant CWMB Products aka

1

CWMB Industries, L.L.C., (hereinafter "CWMB"), an Arizona corporation, sold to, or otherwise transferred to and/or provided a "6x6x6 Smart Electric Powder Coating Oven" (hereinafter "oven") to Lattice Composites.

4. CWMB was the entity that designed, manufactured, distributed, suppled and placed into the marketplace and commerce the aforementioned oven.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 because Plaintiff CIC and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

6. This Court has jurisdiction over the Defendant because the Defendant, directly or through an agent did or does the following:

    a. Transacted business within the State of Ohio;

    b. Contracted to sell and/or supply product(s) in Ohio;

    c. Regularly sold or supplied products, among with was the oven described above;

    d. Derived and/or generated sizeable and/or substantial revenue from good or manufactured products used and/or consumed and/or placed into the stream of Ohio's marketplace and/or commerce.

    e. The incident at issue arose out of Defendant's contacts with the State of Ohio;

    f. It was anticipated and/or foreseeable, given that Defendant purposefully availed itself as to the privilege of conducting activities and business in the State of Ohio that litigation would and could result in Ohio; and

    g. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because Defendant regularly conducted business in Ohio and the incident occurred within the jurisdiction of this Court.

## FACTUAL BACKGROUND

7. On or about February 28, 2022, the aforementioned oven caused a fire while in use during the course of the business of Lattice Composites at 10180 Queens Way, Chagrin Falls, Ohio.

8. Attached to this Complaint as Exhibit 1 is a true and accurate copy of the invoice from CWMB for the aforementioned oven.

9. The fire referenced in Paragraph 7 of this Complaint caused severe damage to the real property of Plaintiff CIC's insured for which Plaintiff CIC paid $550,548.64 according to the sworn proof of loss, a true and accurate copy of which is attached hereto as Exhibit 2.

10. According to the findings of the Geauga County Fire Investigation Unit, the origin of the fire was the aforementioned oven and the cause of the fire the that oven's control system malfunctioned and this allowed the "oven to overheat."

11. The findings of the of the Geauga County Fire Investigation Unit as to the origin and cause of the fire at issue are contained on page 5 of its report for the same, a true and accurate copy of which is attached hereto as Exhibit 3.

## COUNT 1 – PRODUCT LIABILITY/DEFECT

12. Plaintiff incorporates by reference the contained in the preceding paragraphs.

13. Defendant CWMB designed, manufactured, distributed, sold, and/or supplied the aforementioned oven that caused the fire on or about February 28, 2022, and damaged the real property of Plaintiff's insured JJM.

14. At all times material, Defendant CWMB expected that the aforementioned oven would be used and operated in Ohio, including in Northeast Ohio and the territorial jurisdiction of this Court.

15. At all times material, Defendant CWMB was aware and had notice that the

3

aforementioned oven would be used within buildings and real property facilities, such as the one insured by Plaintiff CIC, when designing and manufacturing the aforementioned oven.

16. Defendant CWMB had a duty to design and/or manufacturer the aforementioned oven so as not to create an unreasonable risk of fire and/or an oven that could overheat which could cause a fire within buildings and real property facilities.

17. Defendant CWMB breached the duty described in the preceding paragraph when it designed and manufactured the aforementioned oven.

18. The Defendant's breach of the duty described in the preceding paragraph caused the fire on or about February 28, 2022, that damaged the real property of Plaintiff's insured JJM for which Plaintiff CIC paid to or on behalf of its insured, JJM, in the amount of $550,548.64 and for which Plaintiff CIC has a right of subrogation.

WHEREFORE, Plaintiff demands judgment against the Defendant CWMB in the amount of $550,548.64, plus interest at the statutory rate, and the costs of this action.

Respectfully submitted,

/s/ Dennis G. Rehor
Dennis G. Rehor (0063684)
Attorney for Plaintiff
6480 Rockside Woods Blvd., #145
Independence, OH 44131
(216) 696-6454
Fax: (216) 696-0227
dennis_rehor@staffdefense.com